# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| JAMES DAVID NAFUS<br><br>    Plaintiff,<br><br>v.<br><br>INTOWN SUITES,<br><br>    Defendant. | **ORDER AND MEMORANDUM DECISION**<br><br><br>Civil No. 2:08 cv 847 DB<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

      Plaintiff, James Nafus, filed suit under 42 U.S.C. § 1983 alleging his rights were violated by Defendant during the time he was staying at one of their properties located in Salt Lake City, Utah. Specifically, the room "was not that great"[1] with wax on the carpet, dresser drawers that were missing, and a bathroom fan that when turned on would grind, make sparks and smoke. Plaintiff requested a new room but was unable to obtain one from Defendant. Plaintiff filed a motion for appointment of counsel[2] on November 3, 2008. For the reasons outlined below the court denies the motion to appoint counsel.

      The court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 on November 3, 2008.[3] Under the provisions of this statute "The court may request an attorney to represent any person unable to afford counsel."[4] The appointment of counsel,

---

[1] Compl. addition to the court forms p. 1.
[2] Docket no. 5.
[3] Docket no. 3.
[4] 28 U.S.C. § 1915(e)(1).

however, is at the discretion of the court.[5]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]  When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[7]

In considering these factors and after reviewing Plaintiff's Complaint, the court concludes that (1) it is not clear yet whether Plaintiff has asserted any colorable claims; (2) the issues involved are not complex; and (3) Plaintiff is not incapacitated or otherwise unable to adequately pursue this matter.  Additionally, as a civil litigant Plaintiff has no right to counsel.[8]

Therefore, the Court DENIES Plaintiff's motion for appointment of counsel.  As the case progresses, however, if appointed counsel is needed the Court will revisit the issue *sua sponte* and ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 9th day of December, 2008.

Brooke C. Wells
United States Magistrate Judge

---

[5] *See* McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).
[6] *Id.*
[7] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)).
[8] *See* Moomchi v. Univ. of N.M., 1995 WL 736292, *3 (10th Cir. 1995) (unpublished); Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995); Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989).